● ORIGINAL ●

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ROBERT LORENZO WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV498-189 |
| ) | [Underlying CR495-146] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 1651(a) and Federal Rules of Civil Procedure 60 and 11. Doc. 11. In his motion, movant seeks release from incarceration at the Federal Correctional Institution at Jesup, Georgia because he is being held in violation of his constitutional rights. In the alternative, movant seeks to be resentenced to 60 to 168 months' imprisonment.

Because it appears that defendant is seeking to "vacate and set aside, or correct the sentence," the Court believes that his motion should be considered as made pursuant to 28 U.S.C. § 2255. However, movant has

previously filed a § 2255 motion with this Court, and it was denied. According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

The Court finds that the instant petition is properly classified as a § 2255 motion. Movant has already filed under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this Court to consider this motion. In fact, in his motion, movant states that the Eleventh Circuit has denied his motion for permission to file a second § 2255 motion. Therefore, this Court is without jurisdiction to consider movant's petition.[1] Accordingly, the Court recommends that the instant motion be construed as a motion made under 28 U.S.C. § 2255 and that it be DISMISSED as successive.

**SO REPORTED AND RECOMMENDED** this 23rd day of May, **2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Even assuming that the Court did not construe the motion as one made pursuant to § 2255, movant would still be entitled to no relief. To the extent that movant seeks relief pursuant to 28 U.S.C. § 1651(a) by way of a writ of error coram nobis, federal courts are authorized to issue such writs only in extreme circumstances, and not for persons who, like movant, remain in custody. United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997). To the extent that movant seeks relief pursuant to Rule 60, such relief is not available because the motion for relief was not filed within one year of the entry of judgment in this case. Fed. R. Civ. P. 60(b). None of the other legal authorities cited in the motion provide the relief movant seeks.

# United States District Court
## Southern District of Georgia

ROBERT LORENZO WILLIAMS )

vs ) CASE NUMBER CV498-189 (CR495-146)

UNITED STATES OF AMERICA ) DIVISION SAVANNAH
)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated May 23, 2005 _____, which is part of the official record of this case.

Date of Mailing: May 23, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

Name and Address
06853-021 Institution, 2680 Highway 301 South, Jesup, GA
Robert Lorenzo Williams/Federal Correctional ~~Complex, P.O. Box 26030, Beaumont, TX 77720-6030~~ 31599
Carlton R. Bourne, Jr., Esq.

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate